19-4192
*United States of America v. Shahbaz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-one.

PRESENT:   AMALYA L. KEARSE,
           GERARD E. LYNCH,
           DENNY CHIN,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee*,


           -v-                                              19-4192

MUHAMMAD SHAHBAZ,
                   *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          KONSTANTIN LANTSMAN, Assistant
                                       United States Attorney (Marc H.
                                       Silverman, Assistant United States
                                       Attorney, *on the brief*), *for* Leonard C.
                                       Boyle, United States Attorney for the
                                       District of Connecticut, New Haven,
                                       Connecticut.

FOR DEFENDANT-APPELLANT:                ROBERT M. FROST, JR., Frost Bussert
                                       LLC, New Haven, Connecticut.

Appeal from the United States District Court for the District of

Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Muhammad Shahbaz appeals the district court's

judgment entered December 4, 2019, convicting him, following his guilty plea, of one

count of food stamp fraud and sentencing him principally to 33 months' imprisonment

and restitution of approximately $1.5 million.  He argues that the term of imprisonment

in his sentence was procedurally and substantively unreasonable.  We assume the

parties' familiarity with the underlying facts, the procedural history of the case, and the

issues on appeal.[1]

---

[1]     Shahbaz also appealed from the district court's order entered July 31, 2020,
denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  On May 24, 2021,
the parties filed a stipulation dismissing Shahbaz's compassionate release appeal.  This Court
so-ordered the stipulation on May 25, 2021.

Shahbaz challenges the procedural and substantive reasonableness of his sentence. We review this challenge "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence is *procedurally* unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Jesurum*, 819 F.3d 667, 670 (2d Cir. 2016) (internal quotation marks and citation omitted). A sentence is *substantively* unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "In determining whether a sentence falls within the permissible range, [the Court] patrol[s] the boundaries of reasonableness, cognizant of the fact that responsibility for sentencing is placed largely with the district courts." *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017) (internal quotation marks omitted).

In pleading guilty, Shahbaz stipulated that as a cashier, he permitted customers to use food stamps to receive cash and purchase items ineligible for food stamps, charging them in food stamps approximately double the value of what they

3

received in exchange. Shahbaz's employer, WB Trade Fair Market, would then redeem

from the government the amount that it charged the food stamp customers.[2]

Shahbaz argues that his sentence was procedurally unreasonable because

the district court created an unwarranted disparity by sentencing him to a 33-month

term of imprisonment, while his co-conspirators received only 30 months. We are not

persuaded. The district court concluded that Shahbaz was not similarly situated to the

co-conspirators because he managed others at the store, as evidenced by interviews

with other employees indicating that he "taught them how to engage in trafficking of

food stamps and that he was the person responsible for closing the store each night."

App'x at 156. The district court's determination that in these circumstances Shahbaz

deserved three more months of imprisonment than his less culpable co-conspirators

was eminently reasonable.

To the extent Shahbaz argues on appeal that there was a factual dispute as

to whether he trained other employees how to traffic in food stamps, he did not object

to the district court's finding below, nor did he request an evidentiary hearing. Hence,

the district court did not abuse its discretion in failing to conduct a hearing. *United*

*States v. Sabhnani*, 599 F.3d 215, 258 (2d Cir. 2010) ("The district court is not required . . .

to hold a full-blown evidentiary hearing in resolving sentencing disputes. All that is

---

[2]     The parties and the Pre-Sentence Report use different versions of the market name. The indictment refers to the market as "WB Trade Fair Market" and that is the version we use here.

required is that the court afford the defendant some opportunity to rebut the Government's allegations." (internal quotation marks and alterations omitted)).

Shahbaz argues that the sentence was substantively unreasonable in light of the following factors: (1) the 30-month sentences received by two of his co-conspirators, (2) his status as a "true first offender," Appellant's Br. at 10, (3) the 16-level enhancement for the loss amount, and (4) the immigration consequences of his conviction. While a sentence of 33 (or 30) months' imprisonment for a cashier who engages in food stamp fraud in the circumstances here may be harsh, we are not persuaded that the sentence was substantively unreasonable. In light of the loss amount of $1.5 million, Shahbaz's participation in the scheme for at least two years, his role as a manager, and his teaching others how to carry out the fraud, this was not an "exceptional case where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Thavaraja*, 740 F.3d 253, 263 (2d Cir. 2014) (internal quotation marks omitted).

\* \* \*

We have considered Shahbaz's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5